

**DLA Piper LLP (US)**
650 S Exeter Street
Suite 1100
Baltimore, Maryland 21202-4576
www.dlapiper.com

Brett Ingerman
brett.ingerman@us.dlapiper.com
T   410.580.4177
F   410.580.3177

December 18, 2023

Honorable Lydia Kay Griggsby
United States District Judge
United States District Court, District of Maryland
6500 Cherrywood Lane, Suite 400
Greenbelt, MD 20770

Re:     *Jeffery Battle v. Microsoft Corporation*, No. 1:23-cv-01822-LKG

Dear Judge Griggsby:

      We represent Defendant Microsoft Corporation ("Microsoft") in the above-captioned action.  Pursuant to Your Honor's Case Management Order Section II.A.2, Microsoft files this Notice of Intent to File a Motion to Compel Arbitration and Dismiss pursuant to Fed. R. Civ. P. 12(b)(3) and the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, *et seq.*

**<u>Factual Background</u>**

      As a Microsoft account user, Mr. Battle assented to the Microsoft Services Agreement ("MSA"), pursuant to which he agreed to arbitrate disputes, including those involving the tort claim at issue here, before the American Arbitration Association ("AAA").  *See* Ex. A, § 15(a).  Plaintiff was repeatedly required to accept and agree to the MSA's terms of service to continue using covered Microsoft products and services.  Section 15 of the MSA contains a mandatory arbitration agreement in effect since before this dispute arose:

> **Binding Arbitration and Class Action Waiver If You Live In (or, If a Business, Your Principal Place of Business Is In) the United States.** We hope we never have a dispute, but if we do, you and we agree to try for 60 days, upon receipt of a Notice of Dispute, to resolve it informally. If we can't, you and we agree to **binding individual arbitration before the American Arbitration Association ("AAA") under the Federal Arbitration Act ("FAA")**, and not to sue in court in front of a judge or jury. Instead, a neutral arbitrator will decide and the arbitrator's decision will be final except for a limited right of review under the FAA.

(emphasis in original).  The arbitration provision defines "dispute" "as ***broad as it can be***. It includes ***any claim or controversy between you and us concerning the Services*** [defined to include Bing Search and Bing.com], ... your Microsoft account, ... or these Terms, under any legal



Honorable Lydia Kay Griggsby
December 18, 2023
Page Two

theory including contract, warranty, tort, statute, or regulation," exempting only certain intellectual property disputes.  *See* Ex. A, § 15(a) (emphasis added).  Mr. Battle has assented to the applicable terms of service since creating his account in 2003 and most recently again in October of this year by clicking on the relevant notice of terms.

Whatever the merits of Mr. Battle's claims may be, they should be evaluated in arbitration proceedings as Mr. Battle agreed.  Plaintiff did not submit the required Notice of Dispute form or engage in the dispute resolution process.  Instead, Plaintiff filed this lawsuit in July 2023.  *See* Dkt. 1.  Plaintiff asserts a cause of action for defamation and alleges that he suffered damages as a result of inaccurate search results produced by Microsoft's Bing.  *Id.*

## **The Parties' Agreement to Arbitrate Should be Enforced**

### *A.   The Arbitration Agreement is Valid and Enforceable.*

Plaintiff agreed to arbitrate claims against Microsoft when he assented to the terms of the MSA.  Courts in this Circuit have routinely enforced similar online agreements where, as here, users are provided notice of and manifest assent to the terms, including by signing up for an account or clicking a button or link.  *See Boland v. Amazon.com Sales, Inc.*, 628 F. Supp. 3d 595, 598–99 (D. Md. 2022) (enforcing broad arbitration provision in online publishing platform's terms and conditions); *Lyles v. Chegg, Inc.*, 2020 WL 1985043, at *3 (D. Md. 2020) (enforcing arbitration provision where the website "reasonably communicated the [terms of use] and clearly indicated that, by signing up for a Chegg account, a user agreed to those terms.").  Further, consistent with the federal policy favoring arbitration, federal courts across the country have routinely enforced the arbitration provision in Microsoft's MSA.  *See, e.g.*, *Romanov v. Microsoft Corp.*, 2021 WL 3486938 (D.N.J. Aug. 9, 2021) (granting motion to compel arbitration under MSA); *J.A. through Allen v. Microsoft Corp.*, 2021 WL 1723454 (W.D. Wash. Apr. 2, 2021) (same); *Maher v. Microsoft Corp.*, 2018 WL 1535043 (N.D. Ill. Mar. 29, 2018) (same).

The same result is warranted here.  Plaintiff was required to click to manifest assent to the MSA and had opportunity to review the MSA by clicking the hyperlinked terms.  Under these circumstances, the parties' agreement to arbitrate must be enforced.  *See Boland*, 628 F. Supp. 3d at 597, 601 (enforcing arbitration provision in online terms and conditions accepted by user).

### *B.   The Arbitration Agreement Encompasses Plaintiff's Claims.*

Plaintiff's claims against Microsoft fall squarely within the parties' agreement to arbitrate. Because "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration," a court "may not deny a party's request to arbitrate an issue 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers


Honorable Lydia Kay Griggsby
December 18, 2023
Page Three

the asserted dispute.'" *Stone*, 361 F. Supp. 3d at 556 (internal citations omitted). Accordingly, the Fourth Circuit has found that broad provisions requiring arbitration of "all disputes and claims" between the parties encompass even claims unrelated to the contract. *See Mey v. DIRECTV, LLC*, 971 F.3d 284, 293-94 (4th Cir. 2020); *see also Levin v. Alms and Assoc., Inc.*, 634 F.3d 260, 269 (4th Cir. 2011) ("The language is broad enough to encompass *all* agreements and *any* disputes, past and present, especially given that the presumption in favor of arbitrability is particularly applicable when the arbitration clause is broadly worded.").

Here, Plaintiff agreed to arbitrate "any claim or controversy between you and [Microsoft] concerning" the services specified in the MSA, which include Bing and Bing.com, "under any legal theory including contract, warranty, **tort**, statute, or regulation[.]" Ex. A, § 15(a) (emphasis added). The present case is a claim or controversy between Plaintiff and Microsoft concerning the Services, specifically Bing and Bing Search, and thus must be resolved through "binding individual arbitration before the American Arbitration Association ("AAA"), under the Federal Arbitration Act." *See id.*

C. This Action Should be Dismissed.

Courts in this District have routinely held that dismissal is the appropriate remedy where, as here, "all of the issues presented in a lawsuit are arbitrable." *See Campbell*, 2022 WL 4237109 at *2 (quoting *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2011) (compelling arbitration and dismissing complaint)). Because all of Plaintiff's claims "concern" Microsoft services and are therefore subject to mandatory arbitration, this action should be dismissed so that the parties can resolve this dispute in their contractually agreed-upon forum.

**Parties' Correspondence and Proposed Briefing Schedule**

On December 18, 2023, Mr. Battle confirmed he opposes the relief requested in this proposed motion. At this time, Microsoft does not believe this issue can be resolved without motion practice and proposes the following briefing schedule, subject to the Court's approval:

- Microsoft's Opening Brief: Due immediately upon the Court's granting permission to file
- Plaintiff's Response Brief: Due January 15, 2024
- Microsoft's Reply Brief: Due January 22, 2024

Sincerely,

Brett Ingerman

ACTIVE\1606162155.1