

DLA Piper LLP (US)
650 S Exeter Street
Suite 1100
Baltimore, Maryland 21202-4576
www.dlapiper.com

Brett Ingerman
brett.ingerman@us.dlapiper.com
T  410.580.4177
F  410.580.3177

May 17, 2024
**VIA ECF**

Honorable Lydia Kay Griggsby
United States District Court, District of Maryland
6500 Cherrywood Lane, Suite 400
Greenbelt, MD 20770

**Re:** *Jeffery Battle v. Microsoft Corporation*, No. 1:23-cv-01822-LKG

Dear Judge Griggsby:

We represent Defendant Microsoft Corporation ("Microsoft") in the above-captioned action. Pursuant to Your Honor's Case Management Order Section II.A.2, on December 18, 2023, Microsoft filed a Notice of Intent to File a Motion to Compel Arbitration and Dismiss[1] (the "Notice to Compel Arbitration"). *See* ECF No. 20. Microsoft respectfully requests that Your Honor issue a briefing schedule for Microsoft's Motion to Compel Arbitration and stay the remaining briefing for Plaintiff Jeffrey Battle ("Plaintiff")'s Motion for Injunction – Permanent.

**Factual and Procedural Background**

On July 7, 2023, Plaintiff filed his Complaint against Microsoft, alleging, *inter alia*, libel/defamation, harassment, and negligence based on his allegations that Microsoft, through "Bing", "Bing Chat", "Copilot", and related Bing artificial intelligence search functions, have defamed him, among other allegations. ECF No. 1. In response, Microsoft filed its Notice to Compel Arbitration. *See* ECF No. 20 at Ex. A, § 15(a). Microsoft seeks to compel arbitration and stay or dismiss the current litigation because the Microsoft Services Agreement ("MSA"), to which Plaintiff assented, requires arbitration of disputes, including those involving the tort claims at issue here. *See id.*

Since that time, Plaintiff has filed several letters styled "Cease and Desist" which largely mirror the allegations in his Complaint. *See* ECF Nos. 29-32. On April 26, 2024, Plaintiff then filed a Request for Permission to File a Motion for Injunction (the "Request for Motion for Injunction"), again repeating the same allegations in his Complaint. *See* ECF No. 33. On April 29, 2024, Your Honor issued a briefing schedule on the Motion for Injunction. *See* ECF No. 34. On May 2, 2024, Plaintiff filed his Motion for Injunction – Permanent ("Motion for Injunction"),

---

[1] Microsoft seeks a stay of the case pending the mandatory arbitration.



Honorable Lydia Kay Griggsby
May 17, 2024
Page Two

which effectively restates his Complaint and seeks permanent injunctive relief. *See* ECF No. 35 at 5.

Plaintiff's Motion for Injunction is subject to the broad arbitration clause in the MSA, which includes injunctive relief, *see* ECF No. 20, Ex. A, § 15(d) ("***The arbitrator may award declaratory or injunctive relief***....") (emphasis in original), and governs the claims in Plaintiffs' Complaint. *See* Microsoft's December 18, 2023 Notice. Because Plaintiff's claims, including for injunctive relief, are subject to arbitration, Microsoft requests that its Motion to Compel Arbitration be briefed and decided prior to the Motion for Injunction.

**<u>Microsoft's Motion to Compel Arbitration Should be Decided First</u>**

    A. *The Motion to Compel Arbitration Is a Threshold Issue to be Decided by the Court.*

Whether a dispute is arbitrable is a threshold question to be addressed by the Court. *See Del Webb Communities, Inc. v. Carlson*, 817 F.3d 867, 873 (4th Cir. 2016) ("[T]he Supreme Court has identified two categories of threshold questions—procedural questions for the arbitrator, and ***questions of arbitrability for the court*** . . . ") (emphasis added). Because Microsoft has raised the threshold question of arbitrability of Plaintiff's claims, the Court should first decide Microsoft's Motion to Compel Arbitration. This will resolve the initial dispute as to the proper forum for Plaintiff's claims, including his request for injunctive relief. Deciding Microsoft's Motion to Compel Arbitration first will likely eliminate the need for further briefing on Plaintiff's Motion for Injunction, because, if the Court grants the Motion to Compel Arbitration, then his claims for injunctive relief will be decided in a binding arbitration along with his tort claims.

    B. *Injunctive Relief Is Subject to the MSA's Arbitration Clause.*

The MSA contains a broad arbitration provision where Plaintiff agreed to arbitrate "any claim or controversy between you and [Microsoft] concerning" the services specified in the MSA, which include Bing and Bing.com, "under any legal theory including contract, warranty, tort, statute, or regulation[.]" Ex. A, § 15(a) (emphasis added). When an arbitration clause is all-encompassing, such clauses include claims for injunctive relief. *See, e.g., Chesapeake Hosp. III, LLC v. Chestnut Ctr. Partners, LLC*, No. CV TDC-20-2330, 2021 WL 5534995, at *3 (D. Md. Apr. 30, 2021) (noting that "where there is a broad arbitration clause calling for the arbitration of any and all disputes arising out of the contract, all issues are arbitrable unless expressly and specifically excluded", including injunctive relief); *DeCesaris v. Checkers Drive-In Restaurants, Inc.*, No. CV WDQ-07-3097, 2008 WL 11509610, at *1-2, n.3 (D. Md. Feb. 6, 2008) ("The [Agreement] also provides that the remedies sought by Plaintiffs in this suit--specific performance, ***injunctive relief***, and damages--are available in arbitration.") (emphasis added).



Honorable Lydia Kay Griggsby
May 17, 2024
Page Three

  Here, Plaintiff also agreed "***not to sue in court in front of a judge or jury***" (original emphasis), acknowledged that the arbitrator can award the same relief as the court, and agreed that the arbitrator "may award declaratory or injunctive relief." *See* ECF No. 20, Ex. A, § 15(a), (d). Moreover, the MSA expressly adopts arbitration under the American Arbitration Association (AAA)'s Commercial Rules, which provide a mechanism for parties to apply for "emergency relief prior to the constitution of the panel." *See* AAA Commercial Rule 38(b).[2] Plaintiff thus has an available vehicle for any injunctive relief he may seek.[3]

  Further, Plaintiff seeks a permanent injunction awarding damages, which is a final adjudication of the merits and is subject to arbitration. *See* ECF No. 35 at 6. The Fourth Circuit has noted the "irreparable harm that exists when arbitration is denied *ab initio*, or when an injunction [to stay proceedings pending arbitration] is denied." *See Taylor v. Nelson*, 788 F.2d 220, 224 (4th Cir. 1986); *see also Int'l Union v. Consol Energy, Inc.*, 243 F. Supp. 3d 755, 766 (S.D.W. Va. 2017) (quoting *Taylor v. Nelson*, 788 F.2d 220, 224 (4th Cir. 1986)).

**<u>Requested Relief</u>**

  Microsoft respectfully requests that the Court stay further briefing on Plaintiff's Motion for Injunction, and set the following briefing schedule for the Motion to Compel Arbitration:

- Microsoft's Opening Brief: Due within 10 days of the Court's granting permission to file;
- Plaintiff's Response Brief: Due 14 days after Microsoft's Opening Brief; and
- Microsoft's Reply Brief: Due 7 days after Plaintiff's Response Brief.

                Sincerely,

                Brett Ingerman

---

[2] *See* https://adr.org/sites/default/files/Commercial%20Rules.pdf (last visited May 6, 2024).

[3] The "hollow formality" doctrine does not apply here, because Plaintiff seeks to reverse the *status quo*. *See, e.g.*, *Pierce v. N. Carolina State Bd. of Elections*, 97 F.4th 194, 209 (4th Cir. 2024) (denying a preliminary injunction because the requested injunctive relief did not reflect the status quo where alleged conduct had gone "uncontested for a month" before seeking the injunction); *cf.* ECF No. 35 at 6 (noting "[i]t has been a year" of alleged conduct prior to Plaintiffs' seeking the injunction).

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of May, 2024, a copy of the foregoing Letter regarding Motion to Compel Arbitration was served by first class US Mail, postage pre-paid, to:

Jeffery Battle (*pro se*)
P.O. Box 448
Laurel, MD 20725

/s/Brett Ingerman
Brett Ingerman