# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JEFFERY BATTLE,<br><br>                Plaintiff<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>                Defendant | Case No. 1:23-cv-01822-LKG |

**DEFENDANT MICROSOFT CORPORATION'S OPPOSITION TO
PLAINTIFF JEFFERY BATTLE'S MOTION FOR INJUNCTION – PERMANENT**

TABLE OF CONTENTS

Page

I. INTRODUCTION ....... 1

II. FACTS ....... 2

A. Plaintiffs' Relationship with Microsoft ....... 2

B. Plaintiff's Searches Using Bing and Bing Copilot Services ....... 3

C. Plaintiff's Purported Harm ....... 4

D. Procedural Posture ....... 5

III. STANDARD OF REVIEW ....... 5

IV. ARGUMENT ....... 6

A. Plaintiff's Request for Injunctive Relief Should be Adjudicated in Arbitration ....... 6

B. Permanent Injunctive Relief Is Premature Since There Has Been No Adjudication on the Merits of Plaintiff's Claims ....... 7

C. Plaintiff Cannot Satisfy the Requirements for Permanent Injunctive Relief ....... 8

1. Plaintiff Cannot Demonstrate Irreparable Harm ....... 8

2. Plaintiff Cannot Demonstrate That His Legal Remedies are Inadequate to Compensate for His Alleged Injury ....... 10

3. The Balance of Hardships Does Not Warrant Injunctive Relief ....... 10

4. The Public Interest Will Not Be Served Through Injunctive Relief ....... 11

V. CONCLUSION ....... 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ass'n of Am. Publishers, Inc. v. Frosh*,
   607 F. Supp. 3d 614 (D. Md. 2022) ................................................................................7, 8

*Bauer v. Elrich*,
   463 F. Supp. 3d 606 (D. Md. 2020) ......................................................................................11

*Blue Water Baltimore, Inc. v. Mayor & City Council of Baltimore*,
   635 F. Supp. 3d 392 (D. Md. 2022) ......................................................................................10

*Cohen v. Frey Son, Inc.*,
   193 Md. 285, 66 A.2d 784 (1949) .........................................................................................10

*Corsair Special Situations Fund, L.P. v. Engineered Framing Sys., Inc.*,
   694 F. Supp. 2d 449 (D. Md. 2010) ........................................................................................8

*DeCesaris v. Checkers Drive-In Restaurants, Inc.*,
   No. WDQ-07-3097, 2008 WL 11509610 (D. Md. Feb. 6, 2008) ............................................6

*Defy Ventures, Inc. v. U.S. Small Bus. Admin.*,
   469 F. Supp. 3d 459 (D. Md. 2020) ........................................................................................8

*Disney Enterprises, Inc. v. Delane*,
   446 F.Supp.2d 402 (D. Md. 2006) ........................................................................................10

*Doe v. Salisbury Univ.*,
   107 F. Supp. 3d 481 (D. Md. 2015) ........................................................................................5

*Dyer v. Maryland State Bd. of Educ.*,
   187 F. Supp. 3d 599 (D. Md. 2016) ........................................................................................8

*eBay Inc. v. MercExchange, L.L.C.*,
   547 U.S. 388, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006) .........................................................5

*EQT Prod. Co. v. Wender*,
   191 F. Supp. 3d 583 (S.D. W. Va. 2016) ................................................................................7

*Gold Coast Mall, Inc. v Larmar Corp.*,
   298 Md. 96, 468 A.2d 91 (1983) ............................................................................................6

*Greater Balt. Ctr. for Pregnancy Concerns Inc. v. Mayor & City Council Balt.*,
   721 F.3d 264, 290 (4th Cir. 2013). .........................................................................................8

*Hughes Network Sys., Inc. v. InterDigtal Commc'ns Corp.*,
    17 F.3d 691 (4th Cir.1994) ..................................................................................................9

*Innovative Value Corp. v. Bluestone Fin., LLC*,
    No. DKC 2009-0111, 2009 WL 3348231 (D. Md. Oct. 15, 2009)..........................................11

*Int'l Union v. Consol Energy, Inc.*,
    243 F. Supp. 3d 755 (S.D.W. Va. 2017)...............................................................................7

*Pers. v. Mayor & City Council of Baltimore*,
    437 F. Supp. 2d 476 (D. Md. 2006).....................................................................................9

*SAS Inst., Inc. v. World Programming Ltd.*,
    952 F.3d 513 (4th Cir. 2020) .............................................................................................10

*Taylor v. Nelson*,
    788 F.2d 220 (4th Cir. 1986) ...............................................................................................7

*United States v. R & K Tile, Inc.*,
    No. CCB-14-3025, 2015 WL 1736802 (D. Md. Apr. 14, 2015) ............................................9

*Univ. of Texas v. Camenisch*,
    451 U.S. 390 (1981)........................................................................................................2, 7

*Universal Furniture Int'l, Inc. v. Collezione Europa USA, Inc.*,
    No. 1:04-CV-00977, 2007 WL 4262725 (M.D.N.C. Nov. 30, 2007)..................................1, 7

**Statutes**

AAA Commercial Rules (2013), available at
    https://adr.org/sites/default/files/Commercial%20Rules.pdf................................................3, 6

Federal Arbitration Act ("FAA")..................................................................................................2, 3

I. **INTRODUCTION**

Plaintiff Jeffery Battle has brought a Complaint and a motion for permanent injunction against Microsoft for claimed assault, defamation, negligence, gross negligence, intentional disregard, strict product liability, and product liability. Plaintiff's Complaint is premised on his claim that Microsoft's search features in Bing and Bing Chat (also known as Bing Conversational Experiences, now rebranded under Microsoft Copilot) (collectively, the "Bing and Bing Copilot Services") issued results for a convicted terrorist with a similarly spelled name when searching Plaintiff's name. His Motion should be denied for three reasons.

*First*, Plaintiff agreed to arbitrate any claims against Microsoft, including for injunctive relief, when he entered into the Microsoft Services Agreement ("MSA"), and repeatedly renewed that commitment through his continued use of Microsoft's online services, including the Bing and Bing Copilot Services. *See* Microsoft's Motion to Compel Arbitration (filed contemporaneously). Plaintiff and Microsoft agreed that he would bring any claims related to those services in arbitration before the American Arbitration Association ("AAA"), and the MSA's provisions specifically contemplate the kind of injunctive relief he now seeks. *See* MSA § § 15(a), (d). That request for injunctive relief, like the dispute as a whole, is brought in the wrong forum, in contravention of the parties' agreement; it should be dismissed.

*Second*, Plaintiff's request for permanent injunctive relief is premature. Not only is Microsoft's pending Motion to Compel Arbitration a threshold issue to determine the proper forum for this proceeding, but we are far from the final adjudication on the merits required for Plaintiff's injunctive request to be ripe. As noted, this matter should be compelled to arbitration before even reaching Plaintiff's motion. But in any forum, permanent injunctive relief is premature before there has first been a final adjudication on the merits. *See, e.g., Universal Furniture Int'l, Inc. v. Collezione Europa USA, Inc.*, No. 1:04-CV-00977, 2007 WL 4262725, at *2 (M.D.N.C. Nov. 30,

1

2007) (citing *Univ. of Texas v. Camenisch*, 451 U.S. 390, 396 (1981) ("A permanent injunction is an equitable remedy issued after the parties have had a trial on the merits.")).

*Third*, even putting aside that Plaintiff's motion is brought in the wrong forum and at the wrong stage of the proceedings, he cannot satisfy the factors required to obtain a permanent injunction; the motion should be denied for that reason as well.  Plaintiff has not: (1) actually succeeded on the merits of his claims; (2) demonstrated any irreparable harm; (2) proven that money damages are inadequate; (4) shown that the balance of hardships weighs in his favor; and (5) provide that the public interest is not disserved by granting permanent injunctive relief.  It is Plaintiff's burden to establish each of these factors in support of the exceptional relief he seeks; he has not come close to doing so (and for most, has not even tried). Accordingly, Plaintiff's Motion for Permanent Injunction should be denied.

## II. FACTS

### A. Plaintiffs' Relationship with Microsoft

Plaintiff has held a Microsoft account since 2003. *See* Motion to Compel Arbitration at 3. The MSA governs the use of the Bing and Bing Copilot Services, and all Microsoft account holders are required to accept and agree to be bound by the terms of the MSA—which are updated approximately every 12 to 18 months—if they choose to continue use of the covered services specified in the agreement.  *Id.* at 2.  Since 2003, Plaintiff repeatedly did just that, as detailed further in Microsoft's Motion to Compel Arbitration *Id.* at 2-5.

The MSA applicable to Plaintiff's claims includes an arbitration provision:

> **Binding Arbitration and Class Action Waiver If You Live In (or, If a Business, Your Principal Place of Business Is In) the United States.** We hope we never have a dispute, but if we do, you and we agree to try for 60 days, upon receipt of a Notice of Dispute, to resolve it informally. If we can't, you and we agree to **binding individual arbitration before the American Arbitration Association ("AAA") under the Federal Arbitration Act ("FAA")**, and not

2

to sue in court in front of a judge or jury. Instead, a neutral arbitrator will decide and the arbitrator's decision will be final except for a limited right of review under the FAA.

MSA § 15 (emphasis in original). The arbitration provision defines "dispute" "as **broad as it can be**. It includes **any claim or controversy between you and us concerning the Services** [defined to include Bing Search, Bing.com, and Bing Conversational Experiences (now branded under Microsoft Copilot)], ... your Microsoft account, ... or these Terms, under any legal theory including contract, warranty, tort, statute, or regulation," exempting only certain intellectual property disputes. *Id.* § 15(a) (emphasis added).[1] In addition, the MSA specifically contemplates an award of injunctive relief through arbitration. Plaintiff's agreement with Microsoft not only makes clear he will "***not to sue in court in front of a judge or jury***" (original emphasis), but also that the arbitrator can award the same relief as the court, including "declaratory or injunctive relief." *See* ECF No. 20, Ex. A, § 15(a), (d). The MSA also incorporates the AAA's Commercial Rules, which provide a mechanism for parties to apply for "emergency relief prior to the constitution of the panel." *See* AAA Commercial Rule 38(b).[2]

B. **Plaintiff's Searches Using the Bing and Bing Copilot Services**

In 2023, Plaintiff conducted a series of searches through the Bing and Bing Copilot Services and now claims that at the time he ran the searches, results appeared referencing Jeffrey Leon Battle, a convicted terrorist with a similar name. Plaintiff's complaints regarding the

---

[1] In November 2023, the covered services list in the MSA was updated to reflect the rebranding of Bing Conversational Experiences (also known as Bing Chat) under Microsoft Copilot. The current covered services list is available here: https://www.microsoft.com/en-us/servicesagreement/#serviceslist.

[2] The AAA Commercial Rules (2013) are available at: https://adr.org/sites/default/files/Commercial%20Rules.pdf.

3

searches fall into two categories: (1) search results he obtained using Bing; and (2) responses from Bing Chat/Copilot.

With respect to his search results on Bing, Plaintiff contends that even when he conducted searches for his name, those searches resulted in websites discussing Jeffrey Leon Battle. With respect to his searches using Bing Chat or Copilot, Plaintiff claims that the results provided false information. He asked Bing Chat whether "Jeffery Battle" and "Jeffrey Battle" were the same person. Complaint at 3. According to Plaintiff, Bing Chat provided conflicting results. *See id.* And Plaintiff claims that when he conducted his searches, the Bing and Bing Copilot Services provided a summary of the search results based on several links that came up through his search. *See* Complaint at 1-2; Motion at 5. He claims that this summary of the search results conflated his identity with that of Jeffrey Leon Battle. *Id.*

When Plaintiff encountered these results, he contacted Microsoft through the help features on Bing, "Report a Concern to Microsoft BING." Complaint at 2. Plaintiff's Complaint and Motion are premised on the fact that Microsoft did not remedy these search results. *See generally* Complaint; Motion. However, as shown by the results attached to the Declaration of N. Kozlowski, Microsoft has addressed Mr. Battle's complaint and the current search and chat results no longer provide results or responses that were the subject of Plaintiff's Complaint and Motion. *See* Declaration of N. Kozlowski.

### C. Plaintiff's Purported Harm

In his Complaint, "Damages Supplement," and Motion, Plaintiff makes vague and broad statements about generalized "harm" he has suffered but provides no facts to support such alleged harm. *See* Motion at 5-6 (stating the search results are to the "professional and personal detriment of him and his family," "bring[] harm to him and his family," and will "reduce his market values."). Similarly, Plaintiff's "Damages Supplement" does not allege any actual damages, but rather

4

repeats the allegations in his complaint and increases his requested amount by tens of millions of dollars.  *See* Damages Supplement at 1 (ECF No. 18).  Plaintiff has provided only a one-page letter from a social worker, which claims that his diagnosed mental health disorders were caused by the search results.  *See* Motion at Ex. 138.

### D. Procedural Posture

Plaintiff filed his Complaint on July 7, 2023.  Mr. Battle did not affect service, and on October 19, 2023, Microsoft filed a Motion to Extend Time to Respond to Complaint to remove ambiguity about service and dates.  Thereafter, Microsoft timely filed its pre-motion letter to compel arbitration on December 18, 2023 in order to resolve the preliminary issue of the proper forum prior to proceeding before this Court.  Four months later, on April 26, 2024, Plaintiff filed his pre-motion letter requesting permission to file a motion for injunction.  On April 29, 2024, the Court issued a briefing schedule, permitting Plaintiff to file his Motion.  Plaintiff filed his "Motion for Injunction – Permanent" on May 2, 2024.  Microsoft filed a second pre-motion letter to compel arbitration on May 17, 2024.  The Court set the briefing schedule on Microsoft's Motion to Compel Arbitration.  Presently, there is no scheduling order and neither party has conducted any discovery.

### III. STANDARD OF REVIEW

The determination whether to grant or deny an injunction is left to the sound discretion of the trial court.  *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006).  A claim for injunctive relief is not a separate a cause of action, but rather a request for relief.  *Doe v. Salisbury Univ.*, 107 F. Supp. 3d 481, 493 (D. Md. 2015) ("Plaintiff seeks injunctive relief in Count VIII, however a claim for injunctive relief is not a standalone cause of action.").

## IV. ARGUMENT

### A. Plaintiff's Request for Injunctive Relief Should be Adjudicated in Arbitration

Plaintiff's motion for permanent injunction should be denied because Plaintiff agreed to seek all relief relating to the services in question, including injunctive relief, in AAA arbitration. This threshold issue should be determined first, under Microsoft's Motion to Compel Arbitration, which renders this request for injunctive relief moot. As detailed more fully in the Motion to Compel Arbitration, the MSA includes a broad arbitration provision that requires arbitration of "***any claim or controversy between you and us concerning the Services*** ... your Microsoft account, ... or these Terms, under any legal theory including contract, warranty, tort, statute, or regulation," exempting only certain intellectual property disputes. *Id.* § 15(a) (emphasis added). Such broad arbitration provisions have been interpreted to include claims for injunctive relief. *See, e.g., Gold Coast Mall, Inc. v Larmar Corp.*, 298 Md. 96, 104, 468 A.2d 91, 95 (1983) (noting that "where there is a broad arbitration clause calling for the arbitration of any and all disputes arising out of the contract, all issues are arbitrable unless expressly and specifically excluded", including injunctive relief); *DeCesaris v. Checkers Drive-In Restaurants, Inc.*, No. WDQ-07-3097, 2008 WL 11509610, at *1-2, n.3 (D. Md. Feb. 6, 2008) ("The [Agreement] also provides that the remedies sought by Plaintiffs in this suit--specific performance, ***injunctive relief***, and damages-- are available in arbitration.") (emphasis added).

Similarly, the MSA's broad arbitration provision not only requires disputes to be brought in arbitration, not a court, but expressly provides that the arbitrator can award the same relief as a court, including "declaratory or injunctive relief" for individual claims. *See* ECF No. 20, Ex. A, § 15(a), (d). *See* MSA at § 15(d) (emphasis in original). Its application to the kind of injunctive relief Plaintiff seeks here need not be inferred; it is explicit. And although Plaintiff seeks a permanent injunction, which is a final adjudication on the merits, the MSA, by incorporating the

6

AAA Commercial Rules, also provides a vehicle for seeking "emergency relief" in arbitration "prior to the constitution of the panel." See AAA Commercial Rule 38(b).

Therefore, and as explained more fully in the Motion to Compel Arbitration, Plaintiff's motion should be denied because, like case as a whole, it is not properly before this Court and should be heard by the AAA. Microsoft has requested a stay or dismissal of these proceedings, including Plaintiff's motion, pending arbitration. The Fourth Circuit has made clear that the denial of arbitration, or failing to stay proceedings pending arbitration, constitutes irreparable harm. *See Taylor v. Nelson*, 788 F.2d 220, 224 (4th Cir. 1986); *see also Int'l Union v. Consol Energy, Inc.*, 243 F. Supp. 3d 755, 766 (S.D.W. Va. 2017) (quoting *Taylor*).

### B. Permanent Injunctive Relief Is Premature Since There Has Been No Adjudication on the Merits of Plaintiff's Claims

Beyond it being in the wrong forum, Plaintiff's request for permanent injunctive relief should be denied for another threshold reason: it is premature. Courts in the Fourth Circuit have repeatedly concluded that granting permanent injunctive relief is premature where there has not been an adjudication on the merits. *See EQT Prod. Co. v. Wender*, 191 F. Supp. 3d 583, 589 (S.D. W. Va. 2016) ("A permanent injunction is a form of equitable relief, appropriately granted when the court has found for the plaintiff on the merits of one or more of its claims and a legal remedy would be insufficient."); *Universal Furniture Int'l, Inc. v. Collezione Europa USA, Inc.*, No. 1:04CV00977, 2007 WL 4262725, at *2 (M.D.N.C. Nov. 30, 2007) ("A permanent injunction is an equitable remedy issued after the parties have had a trial on the merits."). This comports with the standard for permanent injunction which requires that a plaintiff demonstrate ***actual*** success on the merits. *See Ass'n of Am. Publishers, Inc. v. Frosh*, 607 F. Supp. 3d 614, 618 (D. Md. 2022). The Supreme Court has similarly acknowledged the requirement that a permanent injunction be

7

awarded only after an adjudication on the merits. *See Univ. of Texas v. Camenisch*, 451 U.S. 390, 396 (1981). Plaintiff's motion has put the cart miles in front of the horse.

Here, the parties have not even settled the pleadings, let alone come anywhere near a final adjudication on the merits. In *Greater Balt. Ctr. for Pregnancy Concerns Inc. v. Mayor & City Council Balt.*, the Fourth Circuit reversed the trial court's issuance of a permanent injunction concluding that "the district court erred by entering a permanent injunction without allowing discovery or adhering to the applicable summary judgment standard." 721 F.3d 264, 290 (4th Cir. 2013). This case is in its infancy, and without a final adjudication on the merits (which should occur in AAA arbitration), permanent injunctive relief cannot be granted. Accordingly, Plaintiff's premature request should be denied.

### C. Plaintiff Cannot Satisfy the Requirements for Permanent Injunctive Relief

Beyond the fact that it is in the wrong forum at the wrong time, the motion must also be dismissed because Plaintiff fails to satisfy any of the requirements for the extraordinary relief he seeks. In addition to demonstrating "actual success on the merits," *see Ass'n of Am. Publishers*, 607 F. Supp. at 618, a plaintiff seeking permanent injunctive relief must also satisfy a four-factor test: (1) the plaintiff has suffered irreparable harm; (2) the remedies at law are inadequate to compensate for the Plaintiffs alleged injury; (3) the balance of hardships between the plaintiff and defendant warrants a remedy; and (4) granting injunctive relief would not disserve the public interest. *See Corsair Special Situations Fund, L.P. v. Engineered Framing Sys., Inc.*, 694 F. Supp. 2d 449, 460 (D. Md. 2010). Even if Mr. Battle had actually succeeded on the merits of his claims after a final adjudication, he does not meet the elements necessary for injunctive relief.

#### 1. Plaintiff Cannot Demonstrate Irreparable Harm

To obtain an injunction, a plaintiff must show that the harm is "certain and great, actual and not theoretical, and so imminent that there is a clear and present need for equitable relief to

prevent irreparable harm." *Defy Ventures, Inc. v. U.S. Small Bus. Admin.*, 469 F. Supp. 3d 459, 480 (D. Md. 2020) (internal quotations omitted); *Dyer v. Maryland State Bd. of Educ.*, 187 F. Supp. 3d 599, 609 (D. Md. 2016). Past harm cannot constitute the basis for injunctive relief. *Id.* Here, Plaintiff has not demonstrated that the alleged risk is imminent, certain and great, and actual and not theoretical. The Bing and Bing Copilot Services no longer return the alleged results that form the basis for Plaintiff's Complaint. *See* Exs. 1-6, attached to Declaration of N. Kozlowski.

Moreover, a plaintiff must demonstrate that there are extraordinary circumstances that money damages cannot compensate. *Pers. v. Mayor & City Council of Baltimore*, 437 F. Supp. 2d 476, 479 (D. Md. 2006); *Hughes Network Sys., Inc. v. InterDigtal Commc'ns Corp.*, 17 F.3d 691, 694 (4th Cir.1994).[3] Courts have found such "extraordinary circumstances" where constitutional rights are violated or there is consistent evasion of efforts to pay tax liabilities such that the government will never recover the monies owed. *Id.* Here, there is no extraordinary circumstance alleged that monetary relief cannot compensate. Plaintiff seeks significant economic damages, for the alleged loss of personal and professional reputation and business income. *See* Complaint at 5; *see also* Motion at 7 (alleging loss of "business generation and sales activities related to his new autobiography and trademarked and copyrighted intellectual properties [and] discontinued seeking Podcast opportunities . . . to the plaintiff's own financial, personal, and professional detriment."). To the extent these claims could ever be substantiated, they are amenable to monetary redress. At one point, in November 2023, Plaintiff asserted without evidence that these search results could result in his false detention. *See* Supplement to Complaint

---

[3] Although case law may reference the four-prong test in the context of a preliminary injunction, the factors are the same for a permanent injunction and courts will refer to case law analyzing preliminary injunctions. *See United States v. R & K Tile, Inc.*, No. CCB-14-3025, 2015 WL 1736802, at *3 n.2 (D. Md. Apr. 14, 2015).

at 2 (ECF No. 19).  Plaintiff has provided no facts or evidence to support this claim, nor would such concerns meet the standard of great and certain, clear and present, imminent harm when asserted over seven months ago and long before the motion for injunctive relief was filed.  Accordingly, there has been no showing of irreparable harm.

### 2. Plaintiff Cannot Demonstrate That His Legal Remedies are Inadequate to Compensate for His Alleged Injury

Plaintiff also has the burden to prove that his legal remedies are inadequate. *Cohen v. Frey Son, Inc.*, 193 Md. 285, 291, 66 A.2d 784, 786 (1949).  Monetary damages are typically inadequate where the nature of the violation itself indicates that there will be continued harm. *Disney Enterprises, Inc. v. Delane*, 446 F.Supp.2d 402, 408 (D. Md. 2006).  Similarly, if there are true barriers to collectability such that any award of monetary damages is illusory, then injunctive relief may be appropriate. *SAS Inst., Inc. v. World Programming Ltd.*, 952 F.3d 513 (4th Cir. 2020).

Here, Plaintiff has demonstrated no threats of continuing harm or barriers to collectability.  Any purported damages (which Battle has not presented any evidence of) can be remedied through a monetary award and there is no reason to conclude that his legal remedies are inadequate in the event that Plaintiff is able to demonstrate any harm.

### 3. The Balance of Hardships Does Not Warrant Injunctive Relief

The balance of hardships factor similarly warrants denying the relief requested.  That element requires that the Court weigh the harm allegedly incurred by the plaintiff against the burden of issuing injunctive relief to the defendant. *See Blue Water Baltimore, Inc. v. Mayor & City Council of Baltimore*, 635 F. Supp. 3d 392, 402 (D. Md. 2022) (denying injunctive relief where the plaintiff "has neither shown that it is likely to suffer irreparable harm absent the requested injunctive relief, nor that the balance of hardships in this case weigh in favor of granting such relief.").  Where the harmful conduct has ceased, the balance of hardships weighs in favor of

denying injunctive relief. *See id.* at 404-05 (finding that the balance of hardships weighed in favor of Baltimore City when the City was in the process of addressing the environmental pollution under the guidance of the state administrative body).

Similarly, here, Plaintiff will not suffer any legally cognizable harm if the injunction is not granted. Plaintiff has not demonstrated that his issues with the Microsoft Search Engine results are continuing; indeed, they are not. *See* Declaration of N. Kozlowski and exhibits attached thereto. Thus, the balance of hardship weighs in favor of denying injunctive relief.

### 4. The Public Interest Will Not Be Served Through Injunctive Relief

The plaintiff has the burden to show that the public interest favors issuing an injunction. *See Bauer v. Elrich*, 463 F. Supp. 3d 606, 615 (D. Md. 2020) (evaluating these four factors in the context of a temporary restraining order and denying relief because plaintiffs had not made a clear showing that balancing the public interest "favored their cause"). To evaluate this factor, courts identify the public interest at stake and weigh such interest against the defendant's purported wrongful conduct. *See Innovative Value Corp. v. Bluestone Fin., LLC*, No. DKC 2009-0111, 2009 WL 3348231, at *3 (D. Md. Oct. 15, 2009) (granting injunctive relief where there was "greater public benefit in securing the integrity of Plaintiffs' mark than in allowing Defendant to continue to use the mark in violation of Plaintiffs' rights").

Plaintiff similarly has not demonstrated that the public interest weighs in his favor. Indeed, Plaintiff has asserted highly personal claims, tied to his name and business efforts, and no public interest that would be served in issuing a permanent injunction. This factor weighs in favor of denying the injunction.

## V. CONCLUSION

Plaintiff's request for injunctive relief is premature and belongs in arbitration in all events. Plaintiff further cannot meet the elements required for an injunction. For the foregoing reasons, Microsoft respectfully requests that this Court deny Plaintiff's Motion.

June 10, 2024                                                                Respectfully submitted,

By: /s/ Nicole Kozlowski
Brett Ingerman
Nicole Kozlowski
650 S. Exeter Street, Suite 1100
Baltimore, MD 21202
Tel.: (410) 580-3000
Fax: (410) 580-3001

Danny Tobey
(to be admitted *pro hac vice*)
1900 N. Pearl St., Suite 2200
Dallas, TX 75201
Tel.: (214) 743-4500
Fax: (214) 743-4545
danny.tobey@us.dlapiper.com

Ashley Allen Carr
(to be admitted *pro hac vice*)
Karley Buckley
(to be admitted *pro hac vice*)
303 Colorado Street, Suite 3000
Austin, TX 78701
Tel.: (512) 457-7000
Fax: (512) 457-7001
ashley.carr@us.dlapiper.com

*Attorneys for Defendant Microsoft Corporation*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of June, 2024, copies of the foregoing Opposition to Plaintiff's Motion for Permanent Injunction, Declaration of N. Kozlowski and Corresponding Exhibits, and Proposed Order were served by first class US Mail, postage prepaid, to:

>Jeffery Battle (*pro se*)
>P.O. Box 448
>Laurel, MD 20725

>/s/Nicole Kozlowski
>Nicole Kozlowski