June 11, 2024                                                                                                         Page 1 of 7

From:

Jeffery Battle, Plaintiff
P.O. Box 448
Laurel, MD 20725

To:

Honorable Lydia Kay Griggsby
United States District Judge
United States District Court, District of Marland
6500 Cherrywood Lane, Suite 400
Greenbelt, MD 20770

**HD**

Rcv'd by: _____

CC:

Microsoft Corporation Regional Agent: (Defendant)
DLA Piper LLP (US)
650 South Exeter Street, Suite 1100
Baltimore, MD 21202-4576
ATTN: Brett Ingerman
Tel: (410) 580-3000
Fax: (410) 580-3001

**Jeffery Battle v. Microsoft Corporation - Case No. 1:23-cv-01822-LKG; Plaintiff's Response in Opposition to Defendant's Motion to Compel Arbitration; Court Order dated May 29, 2024**

Dear Judge Lydia Griggsby,

Your Honor, the Plaintiff, Jeffery Battle, ("Mr. Battle") opposes the defendant's Motion to Compel Arbitration and includes in this briefing information and evidence, in support of his opposition. The defendant has falsely, and without valid evidence, asserted that the plaintiff is under a Master Service Agreement (MSA), an arbitration-mandated agreement, which would not allow him to engage in civil activities. Mr. Battle's responses are detailed under the following headings including; "False Arbitration Mandate Claims, Assault Claim, and Relinquished Claim for Arbitration."

<u>**False Arbitration Mandate Claims:**</u>

Initially, the defendant, Microsoft, proposed to the court their intent to file a Motion to Compel for Arbitration and Dismiss filing, dated December 18, 2023, stating, **"Mr. Battle has assented to the application terms of service since creating his account in 2003 and most recently**

1

again in October of this year by clicking on the relevant notice of terms." *See Court Docket # 29; Substantive legal issues – addressing (Ingerman, Brett) dated December 18, 2023.*

Referencing the defendant's false and misleading statements concerning arbitration mandates, by stating, "Mr. Battle has assented to the application terms of service since creating his account in 2003…" The defendant made this statement without presenting documentation evidence to the court concerning their assertion about the 2003 terms of service agreement. Background, the plaintiff created an email account with Microsoft in 2003, a Microsoft (Hotmail) email account at (jefbttl@hotmail.com), accepting the terms and conditions of his email use with the Microsoft "MSN Subscription Agreement - 2003." There was no language, terms, or conditions, demanding mandatory arbitration in the MSN Subscription Agreement – 2003, which was in place when the Plaintiff filed the civil complaint in July of 2023. After the Plaintiff requested documentation proof, the defendant changed the language of their December 18, 2023 statement, back-walking their assertion indicating that their 2003 MSA terms of service documentation had language mandating arbitration. Mr. Battle requested documentation proof from the defendant, by email, "a PDF copy of (Microsoft's 2003 - Master Service Agreement (MSA) - Arbitration)" documentation from the defendant on January 3, 2024, stating, "Mr. Ingerman, Mr. Tobey, and Ms. Carr, Please, forward to me by email, a PDF copy of (Microsoft's 2003 - Master Service Agreement (MSA) - Arbitration), and please, let me know your decision and the status of the requested MSA. Respectfully, Jeff" The defendant responded, "In response to your email, please find attached the 2003 document you requested…" then made another false statement, "without waiver of the fact that the 2022 and 2023 MSAs reflect the terms in effect at the time of this dispute. We are attaching those for your reference as well." *See Exhibit 139, MSN Subscription Agreement - 2003, pages 1 through 16; See Exhibit 140 pages 1 through 4, Email from defendant – forwarded with Microsoft Service Agreements (MSA) dated 2022 and 2023 attachments, dated January 3 - 8, 2024.*

Referencing the defendant's continued false and misleading statements concerning arbitration mandates, by stating, "Mr. Battle has assented to the application terms of service … again in October of this year by clicking on the relevant notice of terms." The defendant's reference to "this year" is October 2023, after the Plaintiff filed the civil complaint in July 2023. The defendant stated," Plaintiff was repeatedly required to accept and agree to the MSA's terms of service to continue using covered Microsoft products and services." The defendant attempted to mislead the court, plaintiff, and civil proceedings, by falsely putting new arbitration agreements in place after the plaintiff had filed a civil complaint in July of 2023. First, in October 2023, the defendant corresponded with Mr. Battle at his email address (jefbttl@hotmail.com), a Microsoft Hotmail email account. The Plaintiff stated, "Since I do not currently have an attorney representing my case, I prefer written correspondence." Having this knowledge, in October 2023, the defendant decided to use the acquired information about his correspondence preference against Mr. Battle and locked him out of his Microsoft account and email address at (jefbttl@hotmail.com). This occurred when the defendant's court response to Mr. Battle's civil complaint was nearly due to be submitted. The defendant has decided to falsely manipulate the civil process in hopes of gaining favor. To gain access back into the plaintiff's Hotmail email account to monitor written correspondence with the defendant as Mr. Battle had indicated, a mandatory and new agreement was then required to be accepted by "clicking on the relevant

notice of terms." Plaintiff did not agree to the new Master Service Agreement (MSA) until manipulated, locked out of his Microsoft email account, and forced to do so in October 2023 after Mr. Battle had already filed a civil complaint in July 2023. The plaintiff is not under Microsoft's new MSA's obligation to arbitrate his civil complaint which was forcefully put in place with trickery, deception, and manipulation, after the filing of the civil complaint in June 2023. Mr. Battle believes the defendant's actions were crafted to directly manipulate the civil proceeding, deceive the court, and force an unjustified arbitration. *See Exhibit 141, Email Correspondence between Plaintiff and Defendant Concerning Written Correspondence Preferences, pages 1 of 1; See Exhibit 140 pages 1 through 4, Email from defendant – forwarded with Microsoft Service Agreements (MSA) dated 2022 and 2023 attachments, dated January 3 - 8, 2024.*

It is alleged, by the plaintiff, that the defendant has engaged in Perjury, while attempting to manipulate the plaintiff's civil proceedings by engaging in misconduct, submitting false statements and documentation to the court, falsely asserting that the plaintiff was under an MSA arbitration agreement that would not allow him to engage in these civil proceedings. Perjury is the intentional act of falsifying an affirmation, to tell the truth, whether spoken or in writing, concerning matters material to an official proceeding. For additional information, *See Court Docket # 29; Substantive legal issues – addressing (Ingerman, Brett) dated December 18, 2023; See Court Docket # 23; RESPONSE re20 Substantive legal issues - addressing filed by Jeffery Battle, dated December 20, 2023; See Court Docket # 27; Plaintiff's Response re20 Substantive legal issues - addressing filed by Jeffery Battle, dated December 28, 2023; and See Court Docket # 28, Supplement to27 Response filed by Jeffery Battle, dated January 4, 2024.*

False assertions concerning arbitration mandates do not shield the defendant from civil litigation or the plaintiff's Motion for Injunction.

**Assault Claim:**

Assault is not arbitrable. Mr. Battle has alleged that the defendant has engaged in continuous assault for over a year with no estimated end date. The plaintiff's civil complaint documentation included a "Civil Cover Sheet" form "JS 44" with the column for "Nature of Suit" "Personal Injury" check box indicating, "Assault, Libel & Slander", and was signed by Mr. Jeffery Battle. The document was court-stamped and received on July 7, 2023. *See Exhibit 142, Civil Cover Sheet - JS-44.*

Assault can be litigated in a civil complaint or prosecuted as criminal. **Mr. Battle exercised his option to amend his initial civil complaint.** An amended complaint is a written revision of the original complaint filed by a plaintiff. Rule 15 of the federal rules of civil procedures allows the plaintiff to amend their complaint at any point before the defendant answers the complaint. Plaintiffs may choose to amend a complaint for numerous reasons including additional claims, correct facts, add additional parties to the suit, include additional requests for relief, or clear up inadequate claims. The plaintiff indicated in writing to the defendant, through their formal communication platform "Report a Concern to BING" that he was being assaulted, before filing a civil complaint, by stating the following:

A. On June 5, 2023, the plaintiff wrote, "My reputation, business, professional standing and career, autobiography launch, life, and my family's life and safety are at risk to multiple levels of harm due to false reporting." *See Court Docket entry # 3; Pre-Discovery documentation: Correspondence from Jeffery Battle re: Pre-Discovery Exhibit Documents, dated July 24, 2023, (Exhibit 13, page 61).*

**Relinquished Claim for Arbitration:**

The background is that the defendant, Microsoft, officially communicated with Plaintiff from May through July of 2023 to resolve a dispute to remove false materials from BING that labeled him as a convicted terrorist and his personal property as a convicted terrorist owned. The communication was through the defendant's official Case Management internet portal (Report a Concern to BING) web interchange and webpage feedback portals. The defendant showed that they could not correct or control the outputs of their own generated Artificial Intelligence (AI). Mr. Battle's initial responses to the defendant included:

B. On June 4, 2023, the plaintiff wrote, "This is Jeffery Battle and the attached false and defamatory message keeps re-appearing. The inflammatory content page, reporting false information, that you stated was removed yesterday (RE: CDOC Case Management SIR14721209) is back on Microsoft BING today, just one day later." *See Court Docket entry # 3; Pre-Discovery documentation: Correspondence from Jeffery Battle re: Pre-Discovery Exhibit Documents, dated July 24, 2023, (Exhibit 13, page 61).*

C. The plaintiff wrote, "URGENT: PLEASE ESCALATE TO HIGHER AUTHORITY / CEO or President of Microsoft – MULTIPLE NOTICES FORWARDED / AI The same message appears to be duplicating the same message by "crawling" as it makes its way through the internet - the message could possibly be created due to human programming." *See Court Docket entry # 3; Pre-Discovery documentation: Correspondence from Jeffery Battle re: Pre-Discovery Exhibit Documents, dated July 24, 2023, (Exhibit 13, page 60).*

The false information continued to resurface on the Microsoft Bing platform after being repeatedly taken down by their employees, then, the defendant changed and reversed their position and began falsely denying it was their fault and involvement concerning the material labeling Plaintiff and his property as a convicted terrorist and terrorist owned. The defendant changed their communication with the plaintiff and began to state that the unauthorized activities were the fault of some other unnamed entity, someone other than themselves. After Microsoft ceased communications and denied involvement, the plaintiff then had no choice but to attempt to communicate through an attorney-generated and formal legal notice - Cease-and-Desist. Microsoft did not respond to the first official Cease-and-Desist legal notice and they did not respond to the four that followed. **See some of the plaintiff's and defendant's correspondence as follows:**

A. Court Docket entry # 3: Pre-Discovery documentation; Correspondence from Jeffery Battle re: Pre-Discovery Exhibit Documents; dated July 24, 2023, *(Exhibit 12, pages 1 through 4) and (Exhibit 13, pages 1 through 13).*
B. Court Docket entry # 3; Pre-Discovery documentation: Correspondence from Jeffery Battle re: Pre-Discovery Exhibit Documents, dated July 24, 2023, Cease & Desist Legal Notice *(Exhibit 2, pages 1 through 5) and (Exhibit 4, pages 1 through 4).*
C. Court Docket entry # 3; Pre-Discovery documentation: Correspondence from Jeffery Battle re: Pre-Discovery Exhibit Documents, dated July 24, 2023, *(Exhibit 8; Exhibit 9; Exhibit 10; and Exhibit 11.*

Because of the defendant's actions to (a) end formal dispute resolution communications and activities through their process of (Report a Concern to Microsoft BING), (b) changing their position to that of non-involvement, and (c) not responding to a formal Cease-and-Desist notification, the defendant relinquished any claim for arbitration and any claim that the Plaintiff was obligated to a dispute resolution under any Microsoft Service Agreement (MSA) for Arbitration.

The plaintiff submitted numerous formal dispute resolution attempts, from May to July of 2023, in formal attempts to settle this dispute with the defendant Microsoft through their required webpage "Feedback" feature and Case Management internet portal "Report a Concern to Microsoft BING" web communication interchange. The defendant responded to the Plaintiff's problems as follows:

A. In communications to resolve the dispute with the defendant, the plaintiff, Mr. Battle provided the case Management number, SIR14721209, which Mr. Battle received for these communications. At times the damaging search results were removed from Bing; stating "The URL in question is no longer visible on Bing. If you continue to see the URL appearing on Bing, **please provide a screenshot of the search results page** or provide the URL in question for further investigation. Dated June 2, 2023" *See Court Docket entry # 3; Pre-Discovery documentation: Correspondence from Jeffery Battle re: Pre-Discovery Exhibit Documents, dated July 24, 2023, (Exhibit 13, page 63.)* However, shortly thereafter, within moments on the same days, they would be re-posted using different URLs or in different locations, attached to Mr. Battle's autobiography and company marketing materials, his journalist material on "Muck Rack" or his EIN Press Releases, therefore, also harassing him as a journalist. However, other defaming information that is attached to his marketing materials and press releases, did not state that it was artificial intelligence (AI) generated.

B. Despite Mr. Battle's many efforts to go through Microsoft's processes and resolve this matter, following the instructions of Microsoft Bing, and submitting the same complaints many times through "Report A Concern to Microsoft BING" as of the date of the first Cease-and-Desist complaint, the search results have remained the same. Microsoft responded, **"Hi, Thank you for contacting Bing regarding concerns with content appearing in Bing search results. We have reviewed your request and have**

5

**forwarded it along to the appropriate content moderation team for processing. Thank you, Bing Team. Dated June 6, 2023."** *See Court Docket entry # 3; Pre-Discovery documentation: Correspondence from Jeffery Battle re: Pre-Discovery Exhibit Documents, dated July 24, 2023, (Exhibit 13, page 58).*

C. The defendant changed their position to that of BING's responsibility for labeling Plaintiff as a convicted terrorist, to denying involvement with labeling Plaintiff as a convicted terrorist and ceasing dispute communications with Plaintiff by stating, "Please contact the webmaster of the hosting website that published the content, as they control the website and content in question." Dated June 21, 2023. Due to their response to deny involvement and disengage from communicating with the plaintiff, the defendant relinquished any claim mandating all valid arbitration processes. The plaintiff responded on June 21, 2023, "Microsoft is the hosting website that published content that is Cyberstalking (Direct and Indirect), Defamation, and more. Please see the screenshot attachment dated today (2number (2); stating the following:

"Jeffery Battle, also known as The Aerospace Professor, is the President and CEO of Battle Enterprises, LLC and its subsidiary The Aerospace Professor Company. He is an honorable discharged U.S. Air Force veteran and has been appointed as an Adjunct Professor for Embry-Riddle Aeronautical University. Battle has a Master of Business Administration in Aviation degree and two Bachelor of Science degrees. ***However, Battle was sentenced to eighteen years in prison after pleading guilty to seditious conspiracy and levying war against the United States. He had two years added to his sentence for refusing to testify before a grand jury.***" *See Court Docket entry # 3; Pre-Discovery documentation: Correspondence from Jeffery Battle re: Pre-Discovery Exhibit Documents, dated July 24, 2023, (Exhibit 12, pages 1 through 2).*

D. On June 23, 2023, Gouchev Law attorney, Jared Steiner, submitted an immediate **cease and desist** letter to Microsoft, entitled, "Legal Notice – Confidential, <u>*VIA CERTIFIED MAIL RRR AND ELECTRONIC TRANSMISSION*</u>" with an attachment entitled "Exhibit A" (GL 6-26-23).pdf, on behalf of Mr. Battle, with a response due date of **July 3, 2023**. The cease-and-desist letter was also emailed to two of the defendant's attorneys. However, no response from Microsoft was returned to Gouchev Law, by email or to the physical office address. *See Court Docket entry # 3; Pre-Discovery documentation: Correspondence from Jeffery Battle re: Pre-Discovery Exhibit Documents, dated July 24, 2023, Cease & Desist Legal Notice (Exhibit 2, pages 1 through 5) and (Exhibit 4, pages 1 through 4).*

The defendant's new and revised submission, reframing and redirecting their initial arguments, did not provide evidence to support their assertions in favor of arbitration. The plaintiff's civil

filings are not subject to any Microsoft Service Agreement (MSA) mandating arbitration, and the assault claim presented in the civil complaint is not arbitrable.

The plaintiff respectfully requests that the personal injury case remain in Maryland Federal District Court and that the Motion for Injunction – Permanent process continue as scheduled.

Sincerely,

*[signature: Jeff Battle]*

Jeffery Battle, Plaintiff

    A. This document has been forwarded to the defendant at the following address by FedEx Next-Day Delivery with Signature Confirmation, along with a Certificate of Service to:

        Microsoft Corporation Reginal Agent:
        DLA Piper LLP (US)
        650 South Exeter Street, Suite 1100
        Baltimore, MD 21202-4576
        ATTN: Brett Ingerman

    B. This document will be hand delivered by Plaintiff to The Maryland Federal District Court along with a Certificate of Service and FedEx delivery receipt documentation.