From:  June 11, 2024

Jeffery Battle, Plaintiff  Page 1 of 16
P.O. Box 448
Laurel, MD 20725
Email: jefbttl@hotmail.com
Phone: (301) 613-6104

To:

Honorable Lydia Kay Griggsby
United States District Judge
United States District Court, District of Maryland
6500 Cherrywood Lane, Suite 400
Greenbelt, MD 20770

CC:

Microsoft Corporation Regional Agent: (Defendant)
DLA Piper LLP (US)
650 South Exeter Street, Suite 1100
Baltimore, MD 21202-4576
ATTN: Brett Ingerman
Tel: (410) 580-3000
Fax: (410) 580-3001

**Jeffery Battle vs Microsoft Corporation, Case No: 1:23-cv-01822-LKG; Plaintiff's Reply to Motion for Injunction, Court Order dated April 29, 2024**

Dear Judge Lydia Griggsby,

The plaintiff ("Jeffery Battle") ("Mr. Battle) respectfully submits this reply to his request for a Motion for Injunction – Permanent. The defendant had no credible response and submitted no valid evidence opposing the request for an injunction. Mr. Battle, in reply, submits additional information and new evidence supporting the requested injunction. Mr. Battle has alleged in his complaint and supplements, that the defendant has engaged in Assault, Libel & Slander, Negligence, Gross Negligence, Intentional Disregard, Strict Product Liability, and Product Liability. The plaintiff went above and beyond and in many instances, he communicated extensive harm to the defendant. Mr. Battle attempted to resolve this matter before submitting a civil complaint, however, the defendant continues to violate his rights.

Artificial Intelligence (AI) is not a single technology breakthrough, it is a complex integration of people, processes, and technology. The plaintiff believes that he was intentionally targeted by human programmers who acted with intentional malice. Because of this, he and his personal property were extensively harmed by the defendant.

1

The White House - Executive Order, dated October 30, 2023, states "Executive Order on the Safe, Secure, and Trustworthy Development and Use of Artificial Intelligence" and states, "…irresponsible use (of AI) could exacerbate societal harms such as fraud, discrimination, bias, and disinformation; displace and disempower workers; stifle competition; and pose risks to national security." *See "The White House Executive Order – The Safe, Secure, and Trustworthy Development and Use of Artificial Intelligence" pages 1 and 2, of 70.*

Mr. Battle is a former federal employee and veteran. He believes that because of the defendant's continuous false actions labeling him and his personal property as terrorist and terrorist owned, he has been investigated by the "Office of the National Cyber Director, The White House" who was reviewing his social media "Linked in" page. The White House division investigates terrorists. The federal government has one of the most lethal forces available at immediate demand, which presents a grave danger or at a minimum, assault danger to the plaintiff and his family. *See Court Docket entry # 3; Pre-Discovery documentation: Correspondence from Jeffery Battle re: Pre-Discovery Exhibit Documents, dated July 24, 2023, (Exhibit 32, pages 1 through 2).*

**Plaintiff's Initial Alerts to Defendant:**

From the beginning, the plaintiff urgently alerted the defendant to harm and he tried his very best to mitigate the dire and extremely dangerous situation. The background is that the defendant, Microsoft, officially communicated with Plaintiff from May through July of 2023 to resolve a dispute to remove false materials from BING that labeled him as a convicted terrorist and his personal property as a convicted terrorist owned. The multiple communications between the plaintiff and defendant were conducted through the defendant's official Case Management internet portal (Report a Concern to BING), Microsoft Customer Service web interchange. The case numbers are listed as follows, *See Court Docket entry # 3; Pre-Discovery documentation: Correspondence from Jeffery Battle re: Pre-Discovery Exhibit Documents, dated July 24, 2023, (Exhibit 14, page 1 of 1).* The defendant showed that they could not correct or control the outputs of their own generated Artificial Intelligence (AI). Mr. Battle's initial alert to the defendant included but was not limited to:

A. On June 4, 2023, the plaintiff wrote, "This is Jeffery Battle and the attached false and defamatory message keeps re-appearing. The inflammatory content page, reporting false information, that you stated was removed yesterday (RE: CDOC Case Management SIR14721209) is back on Microsoft BING today, just one day later." *See Court Docket entry # 3; Pre-Discovery documentation: Correspondence from Jeffery Battle re: Pre-Discovery Exhibit Documents, dated July 24, 2023, (Exhibit 13, page 61).*

B. On June 4, 2023, the plaintiff wrote, "PLEASE RESPOND TO THIS MESSAGE: Why can't you remove the false content and why is it reappearing immediately with different IP Addresses when you remove it?" *See Court Docket entry # 3; Pre-Discovery documentation: Correspondence from Jeffery Battle re: Pre-Discovery Exhibit Documents, dated July 24, 2023, (Exhibit 13, page 61).*

C. On June 5, 2023, the plaintiff wrote, "My reputation, business, professional standing and career, autobiography launch, life, and my family's life and safety are at risk to multiple levels of harm due to false reporting." *See Court Docket entry # 3; Pre-Discovery documentation: Correspondence from Jeffery Battle re: Pre-Discovery Exhibit Documents, dated July 24, 2023, (Exhibit 13, page 61).*

D. The plaintiff wrote, "URGENT: PLEASE ESCALATE TO HIGHER AUTHORITY / CEO or President of Microsoft – MULTIPLE NOTICES FORWARDED / AI The same message appears to be duplicating the same message by "crawling" as it makes its way through the internet - the message could possibly be created due to human programming." *See Court Docket entry # 3; Pre-Discovery documentation: Correspondence from Jeffery Battle re: Pre-Discovery Exhibit Documents, dated July 24, 2023, (Exhibit 13, page 60).*

E. On June 11, 2023, the plaintiff wrote, "Please Help: Case (SIR14721209) has not responded with answers to the following or the new reoccurring false information now appearing in my Muck Rack journalist's profile. Please, respond immediately / The FBI has been notified: 1. What specific measures and parameters (technology or human) were taken by Microsoft BING to remove the recurring false and harmful information? 2. What insurances are provided to me (Jeffery Battle) that the extremely harmful information does not ever reappear on Microsoft BING, elsewhere on the internet, or downloaded? 3. Was the false information generated by Artificial Intelligence (AI) or human programming, when lives are at stake? 5. As of 6/11/2023, the false information is now showing and appearing under my journalist's Press Releases. What is Microsoft doing to stop this activity?" *See Court Docket entry # 3; Pre-Discovery documentation: Correspondence from Jeffery Battle re: Pre-Discovery Exhibit Documents, dated July 24, 2023, (Exhibit 13, pages 56 through 57).* Mr. Battle is referencing his Muck Rack journalist profile and Press Releases (EIN Presswire) at, *See Court Docket entry # 3; Pre-Discovery documentation: Correspondence from Jeffery Battle re: Pre-Discovery Exhibit Documents, dated July 24, 2023, (Exhibit 23, pages 1 of 1); and, (Exhibit 24, page 1 of 1) – (Exhibit 25, pages 1 through 2).*

F. On June 14, 2023, the plaintiff wrote, "The same defamation information keeps returning. Have you contacted the FBI? Can anyone explain to me what is happening; this is a matter of life and safety? *See Court Docket entry # 3; Pre-Discovery documentation: Correspondence from Jeffery Battle re: Pre-Discovery Exhibit Documents, dated July 24, 2023, (Exhibit 13, page 50).*

The false information continued to resurface on the Microsoft Bing platform after being repeatedly taken down by their employees, then, the defendant changed and reversed their position and began falsely denying it was their fault and involvement concerning the material labeling Plaintiff and his property as a convicted terrorist and terrorist owned. The defendant changed their communication with the plaintiff and began to state that the unauthorized activities were the fault of some other unnamed entity, someone other than themselves. After Microsoft

ceased communications and denied involvement, the plaintiff then had no choice but to attempt to communicate through an attorney-generated and formal legal notice - Cease-and-Desist. Microsoft did not respond to the first official Cease-and-Desist legal notice and they did not respond to the four that followed. See some of the plaintiff's and defendant's correspondence as follows:

A. Court Docket entry # 3: Pre-Discovery documentation; Correspondence from Jeffery Battle re: Pre-Discovery Exhibit Documents; dated July 24, 2023, *(Exhibit 12, pages 1 through 4) and (Exhibit 13, pages 1 through 13).*
B. Court Docket entry # 3; Pre-Discovery documentation: Correspondence from Jeffery Battle re: Pre-Discovery Exhibit Documents, dated July 24, 2023, Cease & Desist Legal Notice *(Exhibit 2, pages 1 through 5) and (Exhibit 4, pages 1 through 4).*
C. Court Docket entry # 3; Pre-Discovery documentation: Correspondence from Jeffery Battle re: Pre-Discovery Exhibit Documents, dated July 24, 2023, *(Exhibit 8; Exhibit 9; Exhibit 10; and Exhibit 11.*

Because of the defendant's actions to (a) end formal dispute resolution communications and activities through their process of (Report a Concern to Microsoft BING), (b) changing their position to that of non-involvement, and (c) not responding to a lawyer generated formal Cease-and-Desist legal notice, the defendant relinquished any claim for arbitration and any claim that the Plaintiff was obligated to a dispute resolution under any Microsoft Service Agreement (MSA) for Arbitration.

The plaintiff submitted numerous formal dispute resolution attempts, from May to July of 2023 in formal attempts to settle this dispute with the defendant Microsoft through their required webpage "Feedback" feature and Case Management internet portal "Report a Concern to Microsoft BING" web communication interchange. The defendant responded to the Plaintiff's problems as follows:

A. In communications to resolve the dispute with the defendant, the plaintiff, Mr. Battle provided the case Management number, SIR14721209, which Mr. Battle received for these communications. At times the damaging search results were removed from Bing; stating "The URL in question is no longer visible on Bing. If you continue to see the URL appearing on Bing, **please provide a screenshot of the search results page** or provide the URL in question for further investigation. Dated June 2, 2023" *See Court Docket entry # 3; Pre-Discovery documentation: Correspondence from Jeffery Battle re: Pre-Discovery Exhibit Documents, dated July 24, 2023, (Exhibit 13, page 63.)* However, shortly thereafter, within moments on the same days, they would be re-posted using different URLs or in different locations, attached to Mr. Battle's autobiography and company marketing materials, his journalist material on "Muck Rack" or his EIN Press Releases, therefore, also harassing him as a journalist. However, other defaming information that is attached to his marketing materials and press releases, did not state that it was artificial intelligence (AI) generated.

B. Despite Mr. Battle's many efforts to go through Microsoft's processes and resolve this matter, following the instructions of Microsoft Bing, and submitting the same complaints many times through "Report A Concern to Microsoft BING" as of the date of the first Cease-and-Desist complaint, the search results have remained the same. Microsoft responded, **"Hi, Thank you for contacting Bing regarding concerns with content appearing in Bing search results. We have reviewed your request and have forwarded it along to the appropriate content moderation team for processing. Thank you, Bing Team. Dated June 6, 2023."** *See Court Docket entry # 3; Pre-Discovery documentation: Correspondence from Jeffery Battle re: Pre-Discovery Exhibit Documents, dated July 24, 2023, (Exhibit 13, page 58).*

C. The defendant changed their position to that of BING's responsibility for labeling Plaintiff as a convicted terrorist, to denying involvement with labeling Plaintiff as a convicted terrorist and ceasing dispute communications with Plaintiff by stating, "Please contact the webmaster of the hosting website that published the content, as they control the website and content in question." Dated June 21, 2023. Due to their response to deny involvement and disengage from communicating with the plaintiff, the defendant relinquished any claim mandating all valid arbitration processes. The plaintiff responded on June 21, 2023, "Microsoft is the hosting website that published content that is Cyberstalking (Direct and Indirect), Defamation, and more. Please see the screenshot attachment dated today (2number (2); stating the following:

"Jeffery Battle, also known as The Aerospace Professor, is the President and CEO of Battle Enterprises, LLC and its subsidiary The Aerospace Professor Company. He is an honorable discharged U.S. Air Force veteran and has been appointed as an Adjunct Professor for Embry-Riddle Aeronautical University. Battle has a Master of Business Administration in Aviation degree and two Bachelor of Science degrees. ***However, Battle was sentenced to eighteen years in prison after pleading guilty to seditious conspiracy and levying war against the United States. He had two years added to his sentence for refusing to testify before a grand jury.***" *See Court Docket entry # 3; Pre-Discovery documentation: Correspondence from Jeffery Battle re: Pre-Discovery Exhibit Documents, dated July 24, 2023, (Exhibit 12, pages 1 through 2).*

Again, after numerous official and reasonable attempts to resolve this matter with the defendant starting a year ago in May of 2023. Due to the elapsed time, and numerous official notifications to the defendant from the Plaintiff, the defendant has not acted in good faith by doing all that they can to abate the nuisance. Due to Microsoft's alleged actions, the plaintiff is in continuous fear for his safety and the safety of his family. The defendant's actions have caused him continuous emotional harm and other personal and property damage.

**Defendant's Continued Harmful Actions:**

Since Mr. Battle requested an injunction, the defendant's harmful activities have continued, and the defendant did not Cease and Desist generating and spreading false and harmful information after 5 legal notices were forwarded to them. The following information and attached documentation are submitted as new evidence. Note that the distinction between Plaintiff's name, Jeffery Battle, and, Jeffrey Leon Battle, in the spelling of the first names, and Plaintiff does not have a middle name.

A. On May 3. 2024, a search of Microsoft Bing, "Aerospace Professor Pleads Guilty," the Bing Coplilot generated the false results "It appears there might be some confusion here. Jeffrey Battle, also known as The Aerospace Professor, is the President and CEO of Battle Enterpises, LLC, and its subsidiary The Aerospace Professor Company. He was sentenced to eighteen years in prison after pleading guilty to seditious conspiracy and levying war against the United States." Mr. Jeffery Battle is the President and CEO of Battle Enterprises, LLC…and not the convicted terrorist Jeffrey Battle. Mr. Battle was not sentenced to eighteen years in after pleading guilty to seditious conspiracy and levying war against the United States. *See attached Exhibit 143, pages 1 of 1, Aerospace Professor Pleads Guilty.*

B. On May 3, 2024, a search on Microsoft Bing, "Aerospace Professor Pleads Guilty," returned a link entitled, "Aerospace Professor pleads guilty to conspiracy and Bing wins lawsuit" and when selecting the link the results returned a man with a high-powered rifle that is not the plaintiff. In addition, the article is in different languages. The defendant started false information on the internet and therefore is responsible for any content that relates the plaintiff or his personal property to terrorists. *See attached Exhibit 144, pages 1 through 5, Searches for Aerospace Professor Pleads Guilty.*

C. On May 3, 2024, a search of the plaintiff on Microsoft Bing, "Jeffery Battle images" returned a link entitled, "Patrice Lumumba Ford" and when selecting the link the results returned convicted terrorist Patrice Lumumba Ford's profile, who was an associate of convicted terrorist Jeffrey Leon Battle. The plaintiff is not associated with any convicted terrorists. *See attached Exhibit 145, pages 1 through 2, Searches for Jeffery Battle images.*

D. On May 3, 2024, a search of the plaintiff company on Microsoft Bing "Battle Enterprises" the results returned Mr. Battle's personal phone number ((301 613-6104) which was never authorized to be made public. *See attached Exhibit 146, page 1 of 1, Searches for Battle Enterprises.*

6

E. On May 13, 2024, a search of the plaintiff's name on Microsoft Bing, "Jeffery Battle" returned a link entitled, "Jeffery Battle wiki" and when selecting the link the results returned convicted terrorist Jeffrey Leon Battle's profile. The plaintiffs do not have a wiki (Wikipedia) profile. *See attached Exhibit 147, pages 1 through 3, Searches for Jeffery Battle.*

F. On May 13, 2024, a search of the plaintiff's name on Microsoft Bing, "Jeffery Battle" returned a link entitled, "Jeffery Battle scam" and when selecting the link, the "Related Searches" returned the results "Jeffery Battle the Terrorist" and when clicking on that link, the results returned convicted terrorist Jeffrey Leon Battle's profile, which is not the plaintiff's profile. *See attached Exhibit 148, pages 1 through 2, Searches for Jeffery Battle scam.*

G. On June 3, 2024, a search of Microsoft Bing, "The Aerospace Professor autobiography" returns "Related Searches for the Aerospace Professor autobiography" "Jeffrey Battle" and the convicted terrorist's link to his profile. This terrorist profile is not related to the plaintiff Jeffery Battle's personal property "The Aerospace Professor autobiography". *See attached Exhibit 149, pages 1 through 2, Searches for the Aerospace Professor autobiography.*

H. On June 3, 2024, a search of the plaintiff's name on Microsoft Bing, "Jeffery Battle" returned a link entitled, "Jeffery Battle the Terrorist" and the results returned convicted terrorist Jeffrey Leon Battle's profile, which is not the plaintiff's profile. *See attached Exhibit 150, pages 1 through 2, Searches for Jeffery Battle.*

I. Currently, an image of the plaintiff's personal property (intellectual property – logo image), developed by Microsoft Bing and without Mr. Battle's permission, is being shared throughout the internet on Bing, Google, and other search engines. The language associated with the image falsely states that the plaintiff is a convicted terrorist and his property is terrorist owned. Because of the defendant's actions, the image has been circulating the internet and sharded for over a year and will continue to spread on the internet. This spreading of false information puts Mr. Battle and his family's safety at risk, worldwide, for assault and it destroys the plaintiff's reputation and, among other things, the value of his intellectual property. When searching Bing, May 3 through 6, 2024, numerous, and never-before-submitted search content displaying false messages now circulate the internet. The following message appears when searching Microsoft

7

Bing, including, "Images of Jeffery Battle Microsoft, Images of Jeffery Battle Bing, Images of Jeffery Battle Terrorist, Jeffery Battle Liability Images, Jeffery battle Scam Images, Jeffery Battle Facts, Jeffery Battle Albums Images, Jeffery Battle lawyer, and searches Jeffery Battle on (Google):

"Jeffery Battle, also known as The Aerospace Professor, is the President and CEO of battle Enterprises, LLC and its subsidiary The Aerospace Professor Company. He is an honorable discharged U.S. Air Force veteran and has been appointed as an Adjunct Professor for Embry-Riddle Aeronautical University, Battle has a Master of Business Administration in Aviation degree and two bachelor of Science degrees. *However, Battle was sentenced to eighteen years in prison after pleading guilty to seditious conspiracy and levying war against the United States. He had two years added to his sentence for refusing to testify before a grand jury.*"

The above statement is false. The plaintiff, Jeffery Battle, was not sentenced to eighteen years in prison after pleading guilty to seditious conspiracy and levying war against the United States and he did not have two years added to his sentence for refusing to testify before a grand jury. *See attached exhibit 151, pages 1 through 17, false information and images with the plaintiff's logo.*

The defendant must stop its course of action to prevent injustices and irreparable harm to Mr. Battle. The Plaintiff is requesting a Permanent injunction court order. The plaintiff passes the criteria to obtain a permanent injunction: (1) that the plaintiff has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for the injury; (3) that the remedy in equity is warranted upon consideration of the balance of hardships between the plaintiff and defendant; and (4) that the permanent injunction being sought would not hurt public interest.

This Motion for (Permanent) Injunction included previously submitted and new evidence supporting the plaintiff's request for a judicial order that will restrain the defendant from continuing their actions that threaten and invade Mr. Battle's legal rights.

**Background Resubmitted from Motion for Injunction:**

For a year now, Mr. Battle has forwarded official correspondence to the defendant, through Microsoft's official channels, and five cease-and-desist notices, which have failed to compel the defendant to stop their harmful and unauthorized activities. The plaintiff communicated in numerous instances, stating "Cease and Desist" through the defendant's official communication processes, "Report a Concern to Microsoft Bing" and other Bing webpage concern submissions, and forwarded the first of five official Cease & Desist legal notices and other official correspondence to the defendant, before engaging in a civil action. See the correspondence as follows:

8

D. Court Docket entry # 3: Pre-Discovery documentation; Correspondence from Jeffery Battle re: Pre-Discovery Exhibit Documents; dated July 24, 2023, *(Exhibit 12, pages 1 through 4) and (Exhibit 13, pages 1 through 13).*

E. Court Docket entry # 3; Pre-Discovery documentation: Correspondence from Jeffery Battle re: Pre-Discovery Exhibit Documents, dated July 24, 2023, Cease & Desist Legal Notice *(Exhibit 2, pages 1 through 5) and (Exhibit 4, pages 1 through 4).*

F. Court Docket entry # 3; Pre-Discovery documentation: Correspondence from Jeffery Battle re: Pre-Discovery Exhibit Documents, dated July 24, 2023, *(Exhibit 8; Exhibit 9; Exhibit 10; and Exhibit 11.*

From May 2023 until the present, Microsoft, through their search engine Bing and other AI functions as previously stated in Plaintiff's complaint and supplements, and cease-and-desist legal notices, has generated false statements conflating him and his personal property with a person of a different name, Jeffrey Leon Battle, who is a convicted terrorist, to the professional and personal detriment of him and his family. Please note that the distinction between Plaintiff's name, Jeffery Battle, and, Jeffrey Leon Battle, in the spelling of the first names, and Plaintiff does not have a middle name.

Microsoft through its products and search engine "Bing" "Bing Chat," "Copilot," and Bing "Related Searches" Artificial Intelligence (AI) functions, has engaged in the act of defaming and other violations against Mr. Battle and his personal property, by falsely labeling, relating, connecting, and associating him as a terrorist, and labeling, relating, connecting, and associating his property as terrorist owned. The defendant's actions are propagating false information about the plaintiff and have had substantial impacts on his personal and professional life, personal property, and livelihood.

For context, the plaintiff is an author, professor, and the founder, owner, President, and Chief Executive Officer (CEO) of his company, Battle Enterprises, LLC, and its subsidiary The Aerospace Professor Company. He is an honorably discharged United States military veteran, and journalist, who is in the process of promoting his new autobiography as of September 2022, entitled "The Aerospace Professor: The Man and The Brand" and intellectual property brand (Logo), among other personal and public business ventures.

Recently, the plaintiff discovered that Microsoft's "Microsoft Bing" search engine and "Copilot" AI function, are continuously evolving and generating other types of false information. For example, Labeling, relating, connecting, and associating the plaintiff and his business "Battle Enterprises, LLC" and autobiography with Jeffrey Leon Battle, a convicted terrorist, by stating "Jeffrey Battle's business, Battle Enterprises, LLC, is also involved in the legal proceedings", and connecting Mr. Battle with an associate of the terrorist, another convicted terrorist named Patrice Lumumba Ford; both charged with "seditious conspiracy and levying war against the United States". The defendant indicated in their AI automated publisher "Copilot" that the plaintiff's business "Battle Enterprises, LLC" was owned by a terrorist. The defendant continued to add more outlandish materials through Bing Copilot" and "Bing Related Searches" with changing formats; contents, and structures, that falsely labeled, related, connected, or associated, Mr. Battle and his property as being terrorists owned. See four April 2024 dated Cease and Desist Legal notices as follows:

9

G. Court Docket entry #29; Correspondence from Jeffery Battle re: Correspondence to Defendant's Counsel, and Attachments, dated April 4, 2024.
H. Court Docket entry # 30; Correspondence from Jeffery Battle re: Legal Notice to Defendant's Counsel; and Attachments, dated April 18, 2024.
I. Court Docket entry # 31; Correspondence from Jeffery Battle re: Fourth Legal Notice to Defendant's Counsel; and Attachments, dated April 19, 2024.
J. Court Docket entry #32; Correspondence from Jeffery Battle re: Fifth Legal Notice to Defendant; and Attachments, dated April 24, 2024.

The defendant appears to be engaged in malicious activities and Mr. Battle believes, has purposely targeted him due to the release of his autobiography and following press releases for promotions. The first example of the defendant materially connecting the Plaintiff to a convicted terrorist is as follows without the plaintiff's intellectual property image (logo) attached. *See Court Docket entry # 3: Pre-Discovery documentation; Correspondence from Jeffery Battle re: Pre-Discovery Exhibit Documents; dated July 24, 2023, (Exhibit 17, pages 1 of 1).* Then later, someone or something added the plaintiff's intellectual property (logo image) to the harmful image without Mr. Battle's permission, which are Trademark and Copyright violation. *See Court Docket entry # 3: Pre-Discovery documentation; Correspondence from Jeffery Battle re: Pre-Discovery Exhibit Documents; dated July 24, 2023, (Exhibit 15, pages 1 of 1.*

On June 6, 2023, the plaintiff entered a test question into the Microsoft "Bing Chat" AI program which stated, "Are Jeffery Battle and Jeffrey Battle the same person?" The response was " No" and it went on to detail how both individuals were different. *See Court Docket entry # 3: Pre-Discovery documentation; Correspondence from Jeffery Battle re: Pre-Discovery Exhibit Documents; dated July 24, 2023, (Exhibit 27, pages 1 of 1).* On June 25, 2023, the same question was asked: "Are Jeffery Battle and Jeffrey Battle the same person?" and the answer was "Yes" appearing to be manipulated Bing AI content, changing the response and labeling both the plaintiff and Jeffrey Leon Battle as terrorists. *See Court Docket entry # 3: Pre-Discovery documentation; Correspondence from Jeffery Battle re: Pre-Discovery Exhibit Documents; dated July 24, 2023, (Exhibit 26, pages 1 of 1).* This happened after the plaintiff released his autobiography in 2022, and, subsequent press releases. The defendant went on to attach convicted terrorist, Jeffrey Leon Battle's profile to the plaintiff's press releases and journalist profile, indicating that the Plaintiff was a terrorist.

Plaintiff uses the name "The Aerospace Professor" as a professional title. In the first recognized occurrence to harm Mr. Battle, in or around February or March of 2023, when searching in Bing the words " The Aerospace Professor," Bing images would show the heading "The Aerospace Faculty" as the result. The plaintiff believes that someone or something attempted to harm his brand by suppressing the Search Engine Optimization (SEO) results, therefore, keeping his brand from showing up in searches and performing at its best on Bing. In addition, to directly harm the Plaintiff, the defendant published Mr. Battle's home address in numerous ways not published before when searching his business "Battle Enterprises" and they published his personal phone number without authorization. Mr. Battle had provided his business phone number for Battle Enterprises. *See Court Docket entry # 3: Pre-Discovery documentation; Correspondence from Jeffery Battle re: Pre-Discovery Exhibit Documents; dated July 24, 2023, (Exhibit 42, pages 1 through 8).*

Mr. Battle believes that he was deliberately targeted by the defendant because of his brand. There could be intentional harm or even criminal activities involved, and the plaintiff believes that the defendant's actions to conflate similar names were simply done out of sheer convenience and are not AI mistakes.

The plaintiff is well qualified in accessing modern technology developments and is considered a subject matter expert. He has over 30 years of experience in technology and has two Bachelor of Science (BS) degrees in General Engineering and another BS degree in Professional Aeronautics, a Master of Business Administration in Aviation (MBA/A), and is all but a dissertation in a Doctor of Business Administration (DBA) program. He believes that there is AI manipulation involved which should signal that an investigation is needed due to the defendant's numerous false and extremely different and unique activities designed to harm him. The evidence presented in the complaint and supplements, cease and desist legal notices, and other evidence presented here, suggest that it is highly probable that the actions and activities to harm Mr. Battle appear likely to be human computer programmers developed and assisted, and not solely Artificial Intelligence (AI) developed and generated. The defendant's alleged actions to harm an innocent citizen should be of the highest concern to the general public.

Mr. Battle is requesting that the defendant, Microsoft, cease defaming and bringing other harm to him and his personal property, by falsely relating, connecting, associating, or other, him to Jeffrey Leon Battle and his associates who are convicted terrorists, and the plaintiff's personal and professional property from being falsely labeled, related, connected, or associated, or other, to being terrorist owed. Mr, Battle is requesting that the defendant be held in contempt of court for any violations due to any failure to comply with the injunction, which in turn may result in either criminal or civil liability.

After the most recent of five Cease and Desist notices were forwarded to the defendant, they are continuing to defame and bring other harm to the plaintiff and his personal property, by falsely relating, connecting, associating, or other, him to Jeffrey Leon Battle and other convicted terrorists. For context, when searching the plaintiff's name in Microsoft Bing's search engine, "Jeffery Battle", the Bing "Related Search for Jeffery Battle" reveals in the ledger "Jeffery Battle wiki." When selected goes to convicted terrorist Jeffery Leon Battle's Wikipedia profile. The plaintiff does not have a Wikipedia profile. The defendant's actions to connect and associate, suggest that the plaintiff and the terrorist are the same individual. Also, when searching for the plaintiff's autobiography in Bing, "The Aerospace Professor autobiography," Bing search results in "Related Searches for The Aerospace Professor autobiography" reveal in the ledger "Jeffrey Battle" the convicted terrorist. When selected, the webpage goes to the terrorist's description and profile and the webpage also includes information about another one of his terrorist associates. Again, the defendant's actions to connect and associate, suggest that the plaintiff and the terrorist are the same individual. Again, On May 1, 2024, when selecting from the Bing ledger "Jeff Battle liability" the result returns in Bing "Copilot" as "Jeffrey Battle filed a defamation lawsuit against Microsoft in Maryland federal court. The case, known as Battle v. Microsoft Corporation, …" This is a false statement. Jeffrey Battle is a convicted terrorist and is not the same person as the plaintiff, who filed the lawsuit. Once again the plaintiff is being falsely associated with being a convicted terrorist. *See Court Docket #35, MOTION for Injunction by Jeffery Battle; Exhibit 135; Exhibit 136; and Exhibit 137.*

In addition, it is alleged by Mr. Battle that the defendant has engaged in Perjury while attempting to manipulate the plaintiff's civil proceedings submitting response documentation and falsely indicating that the plaintiff was under an arbitration agreement that would not allow him to engage in these civil actions. Perjury is the intentional act of falsifying an affirmation, to tell the truth, whether spoken or in writing, concerning matters material to an official proceeding. *See Court Docket # 29; Substantive legal issues – addressing (Ingerman, Brett) dated December 18, 2023; See Court Docket # 23; RESPONSE re20 Substantive legal issues - addressing filed by Jeffery Battle, dated December 20, 2023; See Court Docket # 27; Plaintiff's Response re20 Substantive legal issues - addressing filed by Jeffery Battle, dated December 28, 2023; and See Court Docket # 28, Supplement to27 Response filed by Jeffery Battle, dated January 4, 2024; and, See Plaintiff's Response to Defendant's Motion to Compel - Arbitration, dated June 2024.*

It has been over a year, and evidence presented by the plaintiff has shown that the defendant does not display the ability to effectively correct, control, or permanently remove false outputs of its own AI, long-term and forever, including Microsoft Bing search, Bing Chat, and Copilot. Even though the evidence that has been submitted to them shows that their business model is harming individuals and families, it is continuously harming the plaintiff. It appears that the defendant is only reacting to Mr. Battle's requests by attempting to suppress some of the false information from his internet views, but not removing it altogether from regenerating, changing formats and locations. The false information concerning labeling, relating, connecting, and associating Mr. Battle to being a terrorist, and his property as terrorist-owned, continues to resurface in different ways, locations, and formats.

These false accusations, through Bing AI and other Microsoft-owned products, which are directly attributed to Mr. Battle and his personal property, have, and will continue, to severely damage his professional and personal reputation, harm his personal property, and again, could lead to threats of violence against him and his family. While the plaintiff has been dealing with this false attribution of facts to his name and property for a year, his plan to promote his autobiography, intellectual property (logo), and other business endeavors has been placed on hold.

The following statement from the defendant indicates that they have not permanently removed any of the harmful information. Microsoft's SharePoint webpage entitled "Remove Search Results" states, "…you can temporarily remove items from search results with immediate effect…but the organizer has not removed the document from the site yet…Important, This is only a quick fix! Unless you delete the items or change the permissions of items manually, they will show up again in your search results after the next crawl." *See the attached Exhibit 86, page 1 of 1).* Referencing the Microsoft Bing Blogs "new AI-powered Bing search engine," Microsoft stated, "We know we must build this in the open with the community; this can't be done in the lab. Your feedback about what you're finding valuable and what you aren't, and what your preferences are for how the product should behave, are so critical at this nascent of development." Mr. Battle is included in the defendant's bad experiment. *See the attached Exhibit 107, page 2).*

Your Honor, because of the defendant's actions since May of 2024, Mr. Battle requests that the defendant be immediately held liable, through an injunction, for all monetary damages and other

equitable relief requested in his submitted complaint and supplement documentation, and revised damages and supplement documentation. (1) The plaintiff has suffered an irreparable injury; (2) The remedies monetary damages, available at law, are inadequate to compensate for the injury; (3) the remedy in equity is warranted upon consideration of the balance of hardships between the plaintiff and defendant; and (4) that the permanent injunction being sought would not hurt public interest.

The defendant, Microsoft, is a multi-billion dollar company and has reported billions of dollars in profits due to their newest Artificial Intelligence (AI) based products.

**Damages Sought / Combined:**

Mr. Battle is requesting a Motion for Injunction - Permanent as injunctive relief. Monetary damages at a later time would not adequately compensate Mr. Battle for the injuries he has sustained, is sustaining, and will sustain as a result of the events described above and in other cited documentation previously submitted to the court.

The plaintiff and his personal property will continue, with no end in sight, to be labeled, related, connected, and associated, with being a terrorist with terrorist owed property. This fact will need to be disclosed by Mr. Battle on all future employment applications and security clearance forms, during all business negotiations, for example, negotiation of intellectual property licensing agreements or sales of personal property, therefore, continuously harming the plaintiff and his personal property and reducing his and his property's market values to as little as zero.

The plaintiff requests monetary injunctive relief of ***$425 million*** in combined total monetary compensation, for personal and property harm. The monetary and other equitable requests sought, including market value information, have been submitted in multiple damages documentation as follows: *See Court Docket # 1, COMPLAINT against Microsoft Corporation, dated July 7, 2023; see Court Docket # 5, Supplement to 1 Complaint filed by Jeffery Battle, dated July 26, 2023; see Court Docket # 7, Supplement to 1 Complaint filed by Jeffery Battle, dated August 14, 2023; see Court Docket # 8, Supplement to 1 Complaint filed by Jeffery Battle, dated August 21, 2023; see Court docket # 18, Damages Sought Supplemental Documentation to 1 Complaint filed by Jeffery Battle, dated November 17, 2023; and see Court Docket # 19, Supplement to 1 Complaint filed by Jeffery Battle, dated November 27, 2023.*

Again, the plaintiff has experienced personal and personal property harm as an author, professor, founder, owner, President, and Chief Executive Officer (CEO) of his company, Battle Enterprises, LLC, and its subsidiary The Aerospace Professor Company. He is an honorably discharged United States military veteran, and journalist, who is in the process of promoting his new autobiography as of September 2022, entitled "The Aerospace Professor: The Man and The Brand" and intellectual property brand (Logo), among other personal and public business ventures including, Podcast opportunities, personal and professional speaking engagements, animated and non-animated movie deals, product license agreements, and other private business endeavors.

The plaintiff is the Present and Chief Executive Officer (CEO) of The Aerospace Professor Company, which is a subsidiary of Battle Enterpises, LLC. Additional listing of products and services are included on the company's websites at: TheAerospaceProfessor.com, and, Battle Enterprises.net. In addition, the plaintiff's autobiography, The Aerospace Professor: The Man and The Brand" contains some details of personal business plans. The autobiography can be purchased on Amazon.

A list of additional damages has resulted due to the defendant's continuous actions and the plaintiff is requesting additional injunction relief as follows.

1. Requesting to be included in an injunction judicial order, that the defendant immediately Cease and Desist all alleged Assault, Libel & Slander, Negligence, Gross Negligence, Intentional Disregard, Strict Product Liability, Product Liability, and other harmful activities targeted against Plaintiff and his personal and professional properties. Requesting through injunction that all civil and criminal liabilities be enforced.

2. Requesting to be included in an injunction judicial order that the defendant would immediately respond with official and written plans of action, on company letterhead, with signature acceptance and or edits from the plaintiff, responding to each of the additional terms and conditions included in Mr. Battle's damages and supplemental damages documentation; immediately responding with corrective actions.

3. Requesting that the defendant be held in contempt of court for any additional violations and failure to comply with the injunction.

4. The defendant's actions, and continuous false statements, have caused Mr. Battle continuous emotional harm and other personal and property damages. Mr. Battle has ceased marketing, promoting, and business generation and sales activities related to his new autobiography and trademarked and copyrighted intellectual properties. He has discontinued seeking Podcast opportunities, personal and professional speaking engagements, animated and non-animated movie deals, product license agreements, and other private business endeavors, to the plaintiff's own financial, personal, and professional detriment.

5. Additionally, a new request, is that the plaintiff reserves the right, with the injunction, to file a new civil complaint, superseding any of the defendant's Microsoft Service Agreement (MSA) arbitration mandates, alleging that the defendant did not request or

receive Mr. Battle's permission to utilize his personal trademarked and copyrighted properties and, therefore, has committed unauthorized property use violations.

6. Additionally, a new request, is that the plaintiff reserves the right, with the injunction, to file a new civil complaint, superseding any of the defendant's Microsoft Service Agreement (MSA) arbitration mandates, for actions that are similar or alleging that the defendant retaliated against Mr. Battle after he engaged in a protected civil action or if any other information should occur on Microsoft owned or partnered services or products that are not factual and harms the plaintiff personally or harms his personal property.

7. Additionally, a new request, is that the plaintiff reserves the right, with the injunction, to keep his Microsoft email account (jefbttl@hotmail.com) without harm, tampering, closure, or other interference from the defendant.

8. Respectfully Your Honor, the plaintiff requests that if any of the defendant's harmful and unauthorized activities were to continue after a Permanent injunction is placed, that would falsely label, relate, connect, associate, or other, him to a convicted terrorist or his personal and professional property being falsely labeled, related, connected, or associated, or other, to being terrorist owed; additional monetary damages of $25 million per violation be allowed among other relief, sufficient to discourage defendant's continuous harmful actions and behavior.

Some of the supporting documentation is included in the *Court Docket #35 MOTION for Injunction by Jeffery Battle, Exhibit 138,* including the plaintiff's medical treatment documentation, credentials, personal property filings, personal certifications for business, Copyright, and Trademark registration documentation, all of which have been harmed by being labeled, related, connected, and associated with being terrorist and terrorist-owned property. *See Exhibit 138, pages 1 through 29,* as identified in the following listing:

Exhibit 138, pages 1 through 29, includes:

1. Medical Treatment and Therapy Documentation for Emotional Harm, p. 1 and 2, dated 12/5/2023.
2. Adjunct Professor – Appointment Documentation, p. 3, dated June 7, 2006.
3. Doctor of Business Administration (DBA) Transcript, p. 4 through 6, dated 08/19/2019.
4. Master of Business Administration in Aviation diploma, p. 7 through 9, dated May 2006.
5. Bachelor of Science (BS) diploma in Professional Aeronautics, p. 10 through 12, dated 6/15/2006.
6. Bachor of Science (BS) transcript, General Engineering, p. 13, dated June 13, 2000.

7. United States Patent and Trademarked certificates, The Aerospace Professor logo, p. 14 through 16, dated April 10, 2019.
8. Federal Contracting Officer – Certificate of Appointment, p. 17, dated April 1, 2008.
9. Federal Acquisition Certification, Level III, p. 18, dated June 16, 2007.
10. Federal Program Manager – Level I, p. 19, dated August 2, 2005.
11. Copyright documentation for "The Aerospace Professor: The Man and The Brand" autobiography, p. 20 through 21, dated September 20, 2022.
12. The plaintiff is a disabled veteran and has two personal certifications for business, federal and state; Service Disable Veteran Owned Small Business (SDVOSB), p. 22 through 25, updated February 3, 2024, and October 20, 2020.
13. Battle Enterprises, LLC registration, p. 26, dated September 18, 2019.
14. Battle Enterprises, LLC, product seller distributor authorization letter – Essendant, p. 27, dated May 25, 2021.
15. Battle Enterprises, LLC Capabilities Statement listings for product sales, p. 28.
16. United States Air Force veteran – Honorable Discharge documentation, p. 29.

Your Honor, a court-mandated Motion for Injunction – Permanent would be justifiable and valid considering the evidence, amount of unauthorized activities, length of time (over a year), and continuous malicious nature of the defendant's unauthorized and extremely harmful actions. Thank you for your review and consideration.

Sincerely,

*Jeffery Battle*

Jeffery Battle, Plaintiff

NOTE: This document has been forwarded to Defendant by FedEx Next Day Delivery Mail – Signature Confirmation, with a Certificate of Service, and was Hand delivered to the United States District Court of Maryland